**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Sangvian FORD, Defendant-Appellant.**

**No. 76–3747.**

United States Court of Appeals, Ninth Circuit.

Nov. 4, 1977.

Malcolm S. Segal, Asst. U. S. Atty. (argued), San Francisco, Cal., for plaintiff-appellee.

Marcus S. Topel (argued), San Francisco, Cal., for defendant-appellant.

Before MERRILL and WRIGHT, Circuit Judges, and JAMESON, Senior District Judge.*

EUGENE A. WRIGHT, Circuit Judge:

Ford appeals from convictions of importation and possession of heroin with intent to distribute [21 U.S.C. §§ 952(a), 841(a)(1) (1970)]. She contends that certain incriminating statements made following her arrest should have been suppressed. By remaining silent when asked certain questions, she claims to have revoked her earlier waiver of her right to silence, thus requiring that all interrogation cease.

The Customs agents treated appellant in a particularly courteous manner. They informed her of her *Miranda* rights in both English and Thai, her native language. She responded, in Thai, that she understood her rights and was willing to speak with the agents.

The district judge found, after observing her in the courtroom, that she had a sufficient command of English to have understood her rights, and that she voluntarily waived them. He found also that her intermittent silences in response to certain

* Of the District of Montana.

questions did not effect a revocation of the waiver, explaining

that sometimes just not answering, or turning your head, or looking down, or closing your eyes, or squirming, is not a clear exercise of [the right to remain silent].

Appellant's continued willingness to respond to questions following her silent pauses undermines the claim that the pauses were an assertion of her right to remain silent, or were meant to revoke her earlier waiver. Had her resumption of responding to the questions been a reluctant one, or had it been made under pressure, we would have a different case. *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. at 1627–28, 1630, 16 L.Ed.2d 694 (1966).

The record in this case shows that appellant's "right to cut off questioning" was "scrupulously honored." *Michigan v. Mosley*, 423 U.S. 96, 103–4, 96 S.Ct. 321, 46 L.Ed.2d 313 (1975), *quoting Miranda v. Arizona*, 384 U.S. at 474, 479, 86 S.Ct. 1602. There is nothing to indicate that the silences amounted to anything more than the uncomfortable pauses that the district judge found them to be.

The court below was correct in its ruling that the government had sustained its "heavy burden" of proof that the appellant had made a voluntary, knowing and intelligent waiver of her right to remain silent, *Johnson v. Zerbst*, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938), and that appellant had not revoked that waiver.

AFFIRMED.